United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 22, 2003**

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 02-51321
Summary Calendar
_____

L. D. BRINKMAN; LDB CORPORATION,

Plaintiffs - Appellants,

v.

BEAULIEU OF AMERICA, INC; BEAULIEU GROUP, LLC,

Defendants - Appellees.

_____

Appeal from the United States District Court for the
Western District of Texas, San Antonio
SA-02-CV-268

_____

Before BARKSDALE, DeMOSS, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

This is an appeal from a summary judgment in favor of appellees, Beaulieu of America, Inc. and Beaulieu Group L.L.C. The summary judgment denied injunctive relief, damages, and attorneys' fees sought by appellants, L.D. Brinkman and LDB Corporation.

In essence, the appellants sought relief for the use of

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

trademarks. But the summary judgment establishes without dispute that the rights to the trademarks which appellants claim they own were transferred to appellees' predecessors in a stock purchase agreement that is not in dispute. Appellants nonetheless seek reversal of the district court on their purported termination of license agreements, but it is undisputed and the summary judgment evidence clearly establishes that the license agreements were never executed by appellees' predecessors. Appellant received millions of dollars for the sale of assets and the rights to the trademarks at issue. Fourteen years later after having never asserted any control of use of the transferred trademarks, they seek relief based on license agreements that have never been executed and which are unenforceable against the appellees. The judgment of the district court is affirmed based on the unassailable analysis of Judge Prado as contained in its order dated October 29, 2002. The appeal brought herein is frivolous and the court grants appellees' motion for double costs brought pursuant to Rule 38.

AFFIRMED